UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**AMERICAN PROPERTY - MANAGEMENT CORPORATION, a New Mexico corporation, d/b/a ESPLENDOR RESORT AT RIO RICO,**

       Plaintiff,                    No.: 1:17-cv-764

v.

**LIBERTY MUTUAL GROUP, INC.**

       Defendant.

## NOTICE OF REMOVAL

Defendant Liberty Mutual Fire Insurance Company (Liberty Mutual), incorrectly referred to as Liberty Mutual Group, Inc. in the caption, hereby files this Notice of Removal of the above-captioned matter to the United States District Court of New Mexico from the Second Judicial District Court, County of Bernalillo, State of New Mexico, as provided by 28 U.S.C. §§ 1441, 1446. Liberty Mutual states as follows:

1. This cause of action was commenced in the Second Judicial District Court of the State of New Mexico on June 2, 2017 by Plaintiff. The Summons and Complaint were served on the Corporation Service Company (CSC) on June 26, 2017. *See* Notice of Service of Process, **Exhibit 1** hereto. This Notice of Removal is timely.

2. This is a civil action, of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332. This cause of action may be removed to this Court pursuant to 28 U.S.C. § 1441 in that it is a civil action wherein the matter in controversy exceeds the sum or value of seventy five thousand dollars ($75,000), exclusive of interest or costs, and Plaintiff and Defendant are citizens of different states.

3. Plaintiff is a New Mexico corporation with its headquarters in San Diego, California where its President, Michael Gallegos, is located. Although Plaintiff has a New Mexico principal place of business, Plaintiff's mailing address and headquarters are in San Diego. *See* State of New Mexico Corporation Business Search, Bloomberg Report, and 2004 article regarding Plaintiff and its President, Michael Gallegos, attached hereto as **Exhibits 2, 3, and 4,** respectively, and excerpts from certified copy of the applicable policy, No. YU2-L9L-441-454-085, effective 03/21/15 to 03/21/16, **Exhibit 5** hereto, Bate No. 14. Liberty Mutual Fire Insurance Company is a foreign corporation incorporated under the laws of the State of Wisconsin, with its principal place of business located in Boston, Massachusetts. Liberty Mutual Group, Inc. is a foreign corporation incorporated under the laws of Massachusetts, with its principal place of business located in Boston, Massachusetts. Liberty Mutual Fire Insurance Company and Liberty Mutual Group, Inc. are authorized to do business in New Mexico. The parties are diverse.

4. In its Complaint, Plaintiff alleges that it is a property management company that manages a number of hotel properties, including the Esplendor Resort at Rio Rico ("Esplendor") located in Rio Rico, Arizona. Plaintiff alleges that, on June 5, 2015, a fire damaged a large portion of the Esplendor property (the "Incident").

5. Plaintiff alleges that it had an RM Select Policy ("Policy") with Liberty Mutual that was in effect at the time of the Incident. The Policy was mailed to Plaintiff, the first named insured, in San Diego, California and covers properties located in California, Arizona, Ohio, and Washington, including Esplendor. **Exhibit 5, Bate Nos. 9, 10, 14, 19.** The additional properties are additional named insureds. **Exhibit 5, Bate Nos. 14, 19, 58.** Liberty Mutual has

acknowledged that the Policy provides coverage for the loss, subject to the terms, provisions, and requirements of the Policy, which are at issue herein.

6. The parties dispute the value of the damages, among other things, and Plaintiff alleges common law bad faith, breach of contract, violations of the Unfair Trade Practices Act, and violations of the Unfair Claims Practices Act arising out of Liberty Mutual's adjustment of the claim. Plaintiff alleges entitlement to compensatory, punitive, and treble damages, and to attorney fees.

7. A defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional amount. *Dart Cherokee Basin Operating Company, LLC v. Owens,* 135 S.Ct. 547 (2014) (a statement "short and plain" need not contain evidentiary submissions; evidence establishing the amount is only required if the plaintiff contests, or the court questions, the defendant's allegation that the amount in controversy exceeds the jurisdictional amount).

8. The amount in controversy requirement is "an estimate of the amount that will be put at issue in the course of the litigation." *McPhail v. Deere & Co.,* 529 F.3d 947, 956 (10th Cir. 2008). In this case, Liberty Mutual paid Plaintiff partial payments beginning in July 2015, with the full Actual Cash Value (ACV) of $1,801,694.03 paid by June 16, 2016. *See* **Exhibit 6, Declaration of Steve Harkness,** Liberty Mutual adjuster, and May 18, 2017 letter from Jeffrey Gesell, Esq. to Robert Ryan, Esq. and Josh Scott (Greenspan), Plaintiff's attorneys and agent, respectively, **attached to Harkness Decl. as Exhibit A** (Geselle letter). ACV means replacement cost less depreciation. *See* Gesell letter. In order to receive Replacement Cost Value (RCV), the Policy requires repairs to be performed within two years of the loss. As of Liberty Mutual's May 10, 2017 inspection of the property and investigation, not only had repairs not

been started, but plans for those repairs had yet to be submitted to the Santa Cruz County Building Department in Rio Rico, Arizona. *See* **Exhibit 6, Harness Decl., and Exhibit A thereto, Geselle letter.** Based upon the failure to repair within two years of the loss, the Policy provides that Plaintiff would not receive the depreciation amount, or RCV. Liberty Mutual did not agree to toll the requirement that repairs be made within two years of the loss, and Plaintiff seeks, at a minimum, an approximate $600,000.00 in depreciation, or RCV, in this lawsuit. *See* **Exhibit 6, Harkness Decl.,** and May 3, 2017 letter from Robert Ryan, Esq. (Ryan letter), attached thereto as **Exhibit B;** Complaint, ¶¶ 76-79. The amount Plaintiff seeks in order to be paid RCV under the Policy exceeds the jurisdictional threshold of this Court.

9. Plaintiff alleges that $1,801,694.03 is inadequate to restore the loss to its pre-loss condition. Complaint, ¶¶ 68, 78. Plaintiff seeks loss of business income, including loss of business income for June 29, 2015 to July 12, 2015. Complaint, ¶¶ 9, 24. Plaintiff also seeks extra expense damages, including code upgrade coverage. Complaint, ¶¶ 9, 70. Plaintiff contends that the parties are millions of dollars apart in term of the costs of rebuilding. *See* **Exhibit 6, Harkness Decl. and Ryan Letter, Exhibit B thereto**; Complaint, ¶¶ 67, 68, 71, 78. Liberty Mutual valued the building loss in June 2016 at approximately $2.4 million. **Exhibit 6, Harkness Decl. and Ryan letter, Exhibit B thereto.** Plaintiff seeks over $5 million in alleged costs to rebuild. **Exhibit 6, Harkness Decl. and Ryan letter, Exhibit B thereto.**

10. In determining whether the amount in controversy exceeds $75,000.00, a court may aggregate actual damages, punitive damages, attorney fees, and statutorily imposed penalties. *Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1218 (10th Cir. 2003); *Wiatt v. State Farm Ins. Companies,* 560 F.Supp.2d 1068, 1075 (D. N.M. 2007). Plaintiff seeks treble damages. If Plaintiff is awarded $600,000 in depreciation, treble damages would be

$1,800,000.00. This element of damages alone is also sufficient to meet the jurisdictional threshold of $75,000.00 without even addressing the issue of attorney fees.

11. "Punitive damages may be considered in determining the requisite jurisdictional amount." *Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d at 1218. "The defendant does not have to prove that the plaintiff is more likely than not to ultimately recover punitive damages, but merely that: (1) state law permits a punitive damages award for the claims in question; and (2) the total award, including compensatory and punitive damages, could exceed [the jurisdictional minimum]." *Frederick v. Hartford Underwriters Ins. Co.,* 683 F.3d 1242, 1248 (10th Cir. 2012).

12. Attorney fees, where specifically permitted by statute, as noted above, may also be considered as part of the amount in controversy for purposes of federal jurisdiction. *See Missouri State Life Ins. Co. v. Jones,* 290 U.S. 199, 202 (1933).

13. In the instant case, an aggregation of alleged compensatory damages; punitive, exemplary and treble damages; statutory damages; and attorney fees (pursuant to statutes) places the amount in controversy well above $75,000.00.

14. Based upon the facts alleged in the Complaint and the foregoing, Plaintiff seeks damages in excess of the jurisdictional requirement contained in 28 U.S.C. § 1332.

15. Liberty Mutual is separately filing a copy of all process and pleadings served upon it in this cause of action and the documents filed in the State Court proceeding.

16. The Civil Cover Sheet is attached hereto as **Exhibit 7**.

17. Liberty Mutual will give written notice of the filing of this notice as required by 28 U.S.C. § 1446(d).

WHEREFORE, Liberty Mutual respectfully request that this action proceed in this Court as an action properly removed to it.

Dated: July 25, 2017.

                                          Respectfully submitted,

                                          RAY, McCHRISTIAN & JEANS, P.C.

                                          By */s/ Shannon A. Parden*
                                                Shannon A. Parden
                                                6000 Uptown Blvd NE, Suite 307
                                                Albuquerque, New Mexico 87110
                                                Tel: (505) 855-6000
                                                Fax: (505) 212-0140
                                                sparden@rmjfirm.com
                                                *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was emailed and served through CM/ECF this 25th day of July, 2017, to the following counsel of record:

Macus J. Rael, Jr.
Lindsay R. Drennan
marcus@roblesrael.com
lindsay@roblesrael.com

                                                */s/ Shannon A. Parden*
                                                Shannon A. Parden